## CIRCUIT COURT OF THE CITY OF RICHMOND

Dwayne Nathan Oliver

v.

Enrika A. Oliver

August 15, 2002

Case No. HQ-58-4

BY JUDGE RANDALL G. JOHNSON

This divorce action is before the court for a determination of custody. As the court stated from the bench after the hearing on July 23, the decision regarding custody is extremely difficult. It is not difficult because either party is unfit or would not be a proper custodian of their three children. In fact, the opposite is true. The court finds that Mr. Oliver and Ms. Oliver are both unquestionably fit and proper parties to have custody of the children. That is what makes the decision so difficult.

By *pendente lite* order entered July 3, 2001, the court awarded the parties joint legal custody with physical custody to Mr. Oliver. Support and visitation were also established. Virginia Code § 20-103(E), which allows a court to enter *pendente lite* orders in divorce cases, provides:

> An order entered pursuant to this section shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause.

Even so, the court will award permanent custody of the parties' three children to Mr. Oliver.

The parties separated in November 2000 when Ms. Oliver left the marital abode. At the time, the two older girls were eight and seven years old, and the baby was less than ten months old. When she left, Ms. Oliver did not take the children with her. In fact, the evidence is that she made no attempt to contact

the children until Mr. Oliver and his mother contacted her, which was about a week after she left, and told her the children missed her. Sometime later, Ms. Oliver picked up the two older girls from school one day without telling Mr. Oliver that she was going to do so and kept them until the court's July 2001 order. She also removed them from the school they were attending, and where they were doing well, and enrolled them in a different school with no notice to, or consultation with, Mr. Oliver.

Approximately six weeks after she left the marital abode, Ms. Oliver obtained an ex parte protective order in juvenile court on her affidavit that she was in "immediate and present danger of family abuse" by Mr. Oliver. When the time came for an evidentiary hearing on her claim, she did not go forward with it. In the meantime, she used the protective order to keep Mr. Oliver away from the marital abode while she retrieved her belongings. Although she presented evidence at the hearing in this court that she and Mr. Oliver had heated arguments during their marriage, this court finds that there was absolutely no evidence of an "immediate and present danger of family abuse" by Mr. Oliver at the time the protective order was obtained. In fact, the evidence is that Ms. Oliver made no attempt to retrieve her belongings or to talk with Mr. Oliver about retrieving them before obtaining the protective order.

Again, almost nothing separates these parties in terms of one of them being a better person to have physical custody of their children. That being the case, the court makes its decision based on the incidents just discussed. By leaving the children with Mr. Oliver when she left the marital abode in November 2000 and then taking the two older girls out of school without any notice to Mr. Oliver, by transferring the two older girls to a different school, again without any notice to, or consultation with, Mr. Oliver, and by improperly using the court system to obtain a protective order when there was no legal basis for it, Ms. Oliver has shown a tendency to do what she wants to do without considering Mr. Oliver's rights or the best interests of the children. Va. Code § 20-124.3 provides, in part:

> In determining best interests of a child for purposes of determining custody or visitation arrangements ... the court shall consider the following....
>
> 6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;

7. The relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child ....

By her actions described above, Ms. Oliver has demonstrated a lack of willingness to foster the appropriate relationship between the parties' children and Mr. Oliver as well as a lack of willingness to cooperate with Mr. Oliver in resolving disputes concerning the children. Mr. Oliver, by contrast, has consistently tried to encourage a close relationship between the children and Ms. Oliver. Not only did he call Ms. Oliver after she left to tell her to contact the children, he has repeatedly offered more visitation to Ms. Oliver than is required by the *pendente lite* order. In a different case, such differences might be considered minor or might even have no impact on the court's decision at all. Here, however, where there is nothing else to give either party any advantage over the other in terms of custody, they are enormous. The parties will be awarded joint custody of their children. Physical custody will be awarded to Mr. Oliver, with very liberal visitation to Ms. Oliver.